UNITED STATES DISTRICT COURT  CASE NO. 5:18-cv-926
NORTHERN DISTRICT OF NEW YORK
THE SECRETARY OF THE U.S. DEPARTMENT
OF HOUSING AND URBAN DEVELOPMENT, an
agency of the UNITED STATES OF AMERICA,

Plaintiff,

-against-   **JUDGMENT OF**
   **FORECLOSURE AND SALE**

The Estate of Betty W. Wait aka Elizabeth
Betty Lee Waddingham Wait, deceased,
United States of America obo Internal Revenue
Service, New York State Department of Taxation and
Finance, George Wait aka George W. Wait, Jr.;

Defendants

On the summons and complaint filed herein on August 3, 2018 on the notice of pendency filed in the Office of the Jefferson County Clerk on August 21, 2018; on the annexed Affirmation of John Manfredi, attorney for Plaintiff, on the affidavit of Gaylene Fox, sworn to on the 19th day of September, 2018, and upon all of the proceedings had herein, the Court finds that:

This action was brought to foreclose a mortgage on real property located in the County of Jefferson.

The entire balance secured by said mortgage, $188,340.88 includes principal, interest, and service charges due as of March 16th, 2018.

The defendants herein have been duly served with the summons and complaint. The time to answer or move with respect to the complaint has expired and the same has not been extended by consent or by order of this Court. No answer or motion directed to the complaint has been

interposed by or on behalf of the defendants. The defendants are not infants, incompetent or absentee. Accordingly, the defendants are in default.

A notice of pendency containing all the particulars required by law has been duly filed as aforesaid in the Jefferson County Clerk's Office on August 21st, 2018.

The mortgaged premises should be sold in one parcel.

The amount computed by the Court to be due to plaintiff on the note and mortgages described in the complaint is $98,094.65 in principal, with interest in the sum of $81,906.13 as of March 16th, 2018, plus additional interest accruing at a rate of 2.99% per annum, plus service fees as set forth in HUD handbook 4330.1 (13-15) in the sum of $8,340, plus costs and disbursements of $1,711.03.

NOW, on motion of plaintiff United States of America, and the Court having determined that an evidentiary hearing is unnecessary on the issue of damages, in light of the affidavit and documentary evidence submitted by plaintiff, it is

**ORDERED AND ADJUDGED** that the action is dismissed against defendants John Doe 1-5 and Jane Doe 1-5, and it is

**ORDERED AND ADJUDGED** that the action is dismissed against defendants Unknown Heirs to the Estate of Betty W. Wait aka Elizabeth Betty Lee Waddingham Wait, deceased, and it is

**ORDERED AND ADJUDGED** that the defendant Estate of Betty W. Wait aka Elizabeth Betty Lee Waddingham Wait, deceased, is in default; and it is

**ORDERED AND ADJUDGED** that the defendant George Wait aka George W. Wait, Jr. is in default; and it is

**ORDERED AND ADJUDGED** that the defendant New York State Department of Taxation and Finance is in default; and it is

**ORDERED AND ADJUDGED**, that the plaintiff have judgment herein for the sum of $98,094.65 in principal, plus interest in the sum of $81,906.13 as of March 16th, 2018, plus additional accrued interest from March 16th, 2018 to the date of entry of judgment at the rate of 2.99% per annum, or $19.16 per day, plus service fees of $8,340.00, plus $1,711.03 as taxed by the Court for the costs and disbursements of plaintiff in this action, and it is further

**ORDERED AND ADJUDGED**, that the mortgaged premises described in the complaint and as hereinafter described, be sold in one parcel, subject to the following: any state of facts that an

accurate survey may show; easements, covenants, restrictions or reservations of record, if any; zoning restrictions and any amendments thereto according to law, and now in force; existing violations and orders of the appropriate departments of any City, Town or Village, if any; the physical condition of the premises at the time of closing; and without any apportionments or adjustments; at public auction to be held in the lobby of the Jefferson County Court Complex Front Vestibule, 163 Arsenal St., Watertown, NY 13601 by and under the direction of Keith Caughlin, Esq. (phone 315 788 6700) who is hereby appointed Master for that purpose; that said Master give public notice of the time and place of said sale according to federal law and the practice of this Court by advertising in the Watertown Daily Times that plaintiff or a governmental agency thereof or any other party to this action may become the purchaser at such sale; that in the event plaintiff or such governmental agency shall become the purchaser at the said sale shall not be required to make any deposit thereon; that said Master execute and deliver to the purchaser at such sale a deed of the premises sold; All taxes, assessments, water rates and other encumbrances which at the time of sale are liens or encumbrances upon said premises will be paid by the Purchaser in addition to the bid price, unless the purchaser shall, previous to the delivery of the Deed, produce to the Master proof of the payment of such liens or encumbrances including any interest or penalties due which may lawfully have accrued thereon to the day of the payment. Any state or local real estate transfer tax or real property transfer tax will be paid by the purchaser.

That said Master then deposit the balance of said proceeds of sale in his own name as Master in the escrow account of Keith Caughlin, Esq. and shall thereafter make the following payments and his checks drawn for that purpose shall be paid by said depository:

1st: the sum of $750.00 to said Master for his/her fees herein.

2nd: the expenses of the sale and the advertising expenses as shown on the bills presented to said Master and certified by him/her to be correct, duplicate copies of which shall be left with said depository.

3rd: The sum of $1,711.03 adjudged as aforesaid to plaintiff for its costs and disbursements in this action, and also the sum of $188,340.88 the amount computed by the Court adjudged to plaintiff aforesaid, with interest at 2.99% per annum from March 16th, 2018.

Said Master shall take the receipt of plaintiff or its attorney for the amounts paid as directed

in item marked "3rd" and shall file it with his/her report of sale. Said Master shall deposit the surplus moneys, if any, with the Clerk of this Court within 5 days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court.

In the event that plaintiff or a governmental agency thereof is the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by plaintiff or any such governmental agency, and a valid assignment thereof be filed with said Master, said Master shall not require plaintiff or such governmental agency to pay in cash the amount bid at such sale, but shall execute and deliver to plaintiff or such governmental agency a deed of the premises sold.

Plaintiff or such governmental agency shall pay the amount specified above in items marked "1st", "2nd" and "3rd" and shall also pay the amount of the aforesaid taxes, assessments, water rates, sewer rents and interest and penalties thereon, if any. Said Master shall apply the balance of the amount bid, after deducting therefrom the aforesaid amounts paid by plaintiff or such governmental agency, to the amounts due plaintiff item marked "3rd", and if there be a surplus over and above said amounts due and allowed to plaintiff, plaintiff shall pay to said Master, upon delivery of said Master's Deed, the amount of such surplus, and said Master shall deposit said surplus as hereinabove directed.

Said Master shall make his/her report of such sale and shall file it with the Clerk of the Court with all convenient speed. If the proceeds of such sale be insufficient to pay the amount adjudged due to plaintiff with the expenses, interests and costs as aforesaid, said Master shall specify the amount of such deficiency in his/her report of sale; and it is further

**ORDERED AND ADJUDGED**, that the purchaser at said sale be let into possession on production of the Master's deed; and it is further

**ORDERED AND ADJUDGED**, that each and all of the defendants in this action, and all the persons claiming under them, or any or either of them, after the filing of the notice of pendency of this action, be and they hereby are forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every part thereof.

The premises affected by this action are situated entirely within the County of Jefferson and designated as <u>923 Ives Street, Watertown, NY 13601, Section: 14 Block: 38 Lot: 106.200 and 923</u>

Rear Ives Street, Watertown, NY 13601, Section: 14 Block: 38 Lot: 106.100, further described in annexed Schedule "A".

Together with all right, title and interest of the owner, if any, in and do the land lying in the streets and roads in front of an adjoining said premises, to the center line thereof.

Together with all fixtures and articles of personal property annexed to, installed in, or used in connection with the mortgaged premises, as is more fully set out in said Mortgage.

1/31/19

_____
UNITED STATES DISTRICT JUDGE

# SCHEDULE A
# DESCRIPTION OF MORTGAGED PREMISES

PARCEL I

ALL THAT TRACT OR PARCEL OF LAND, situate in the City of Watertown, County of Jefferson and State of New York, bounded and described as follows:

BEGINNING at an iron pipe driven into the ground at a point in the easterly margin of Ives Street, as monumented by the Department of Engineering of the City of Watertown, ton York, which bears south 25° 40' nest along said margin 140.74 feet from a monumented angle point in said margin, and which point of beginning is southeasterly along said easterly margin of Ives Street 337.5 feet from an iron corner fence post marking the line between the Ives Street Land Company, known as the Ives Hill Country Club, and the northwesterly corner of the parcel of land conveyed by John D. Harris, Jr. to Edwin H. Adams by deed dated July 19th, 1954 and recorded in the Jefferson County Clerk's office July 22nd, 1954 in Liber 603 of Deeds at page 138;

THENCE, turning to the right 90° and running perpendicular to said street margin south 64° 20' east 175 feet to an iron pipe;

THENCE, turning to the right 90° and running on a line parallel with and 175 feet easterly of the said street margin south 25° 40' west 160 feet to an iron pipe;

THENCE, turning to the right 90° and perpendicular to said street margin north 64° 20' west 175 feet to an iron pipe in said street margin;

THENCE, along said street margin north 25° 40' east 160 feet to the place of beginning.

Containing 0.64 of an acre of land.

Intending to convey hereby a rectangular parcel of land having a frontage on the easterly margin of Ives Street of 160 feet and a width at the rear of 160 feet and a depth of 175 feet at right angles to said easterly margin of Ives Street.

Being a part of the premises conveyed by Ida B. Flower to John B. Harris, et ano, by Warranty Dead dated March 19th, 1915 and recorded in the Jefferson County Clerk's office March 26th, 1915 in Liber 344 of Deeds at page 528, and subsequently devised to John B. Harris, Jr. under paragraph SIXTH (G) of the Will of John B. Harris, Deceased, recorded February 19th, 1952 in Liber 564 of deeds at page 165.

All bearings given are magnetic as per survey made September 6, 1955 by H. R. Dwyer, C.E., Licensed Professional Engineer and Land Surveyor No. 2368.

This conveyance is made and accepted upon the express condition, and the part of the second part, covenant for distributees, legal representatives, successors and assigns that:

1. The premises herein conveyed shall not be sub-divided.
2. The premises herein conveyed shall be used for single family residence purposes only.
3. That no building shall ever be erected on said premises within forty (40) feet of any street margin.
4. That the foregoing constitute restrictive covenants which are perpetual and shall run with the land.
5. That these restrictive covenants in their entirety shall be included in any subsequent conveyance of said premises.

BEING the same premises conveyed by John B. Wards, Jr. to George w. Wait by warranty dead dated September 21, 1955 and recorded in the Jefferson County Clerk's Office September 21, 1955 in Liber 620 of deeds at page 628.

PARCEL II

ALSO ALL THAT TRACT OR PARCEL OF LAND, situate in the City of Watertown, County of Jefferson and State of New York, bounded and described as follows:

Beginning, at an iron pipe driven in the ground at the Easternmost corner of a Lot heretofore conveyed by the party of the first part to George W. Wait by warranty deed dated September 21, 1955 and recorded same date in Jefferson County Clerk's Office in Liber 620 of Deeds at Page 628;

Thence running in a straight line Southeasterly on a bearing which shall be an extension of the Northeast boundary of the said lot heretofore conveyed to the said George W. Wait a distance of 25 feet more or less to an iron pipe driven in the ground, which said iron pipe is the Southeasterly corner of a parcel conveyed by the party of the first part to Ellsworth R. and Dorothy C. Haver by warranty deed dated December 5, 1960 and recorded in Jefferson County Clerk's Office on December 7, 1960 in Liber 702 of Deeds at Page 223;

Thence turning 90° to the right on a bearing S. 20°-22' West a distance of 160 feet more or less to an iron pipe driven in the ground at a point which is the Northeasterly corner of a lot heretofore conveyed by the party of the first part to Edith W. Pfaff by warranty deed dated May 3, 1963 and recorded same date in Jefferson County Clerk's Office in Liber 735 of Deeds at Page 12;

Thence turning 90° to the right running a distance of 25 feet more or less to an iron pipe driven in the ground at the Southeasterly corner of the aforesaid lot heretofore conveyed by the party of the first part to George W. Wait; Thence running 90° to the right a distance of 175 feet more or less along the Southeasterly margin of the aforesaid lot of George W. Wait to the place of beginning.

It being the intention herein to convey a rectangular parcel of land approximately 25 feet deep along the rear line of the said lot heretofore conveyed to George W. Wait, which said rectangular parcel shall have a Southeast boundary which shall run along the same line as the Southeast boundary of the adjoining lots.

This conveyance is made and accepted upon the express condition that the party of the second part covenant for her distributees, legal representatives, successors and assigns, that;
1.      The premises herein conveyed shall become a part of the herein- above described parcel conveyed by the party of the first part to George W. Wait by warranty deed dated September 21, 1955, and recorded same date in Jefferson County Clerk's Office in Liber 620 of Deeds at Page 628, and subject to the same restriction,: thereof, to wit:

A.      The premises herein conveyed shall not be sub-divided.
B.      The premises herein conveyed shall be used for single family residence purposes only.
C.      That no building shall ever be erected on said premises within forty (40) feet of any street margin.
D.      That the foregoing constitute restrictive covenants which are perpetual and shall run with the land.
E.      That these restrictive covenants in their entirety shall be included in any subsequent conveyance of said premises.

BEING the same premises conveyed by John B. Harris, Jr. to Betty W. Wait by warranty deed dated April 28th, 1967 and recorded May 2, 1967 in the Jefferson County Clerk's Office in Liber 796 of deeds at page 276.

| | |
|---|---|
| Premises: | 923 Ives Street, Watertown, NY 13601 |
| Tax Parcel ID No.: | Section: 14 Block: 38 Lot: 106.200 |
| Premises: | 923 Rear Ives Street, Watertown, NY 13601 |
| Tax Parcel ID No.: | Section: 14 Block: 38 Lot: 106.100 |